**FOX ROTHSCHILD LLP**
By: Michael S. Hanan, Esquire
Princeton Pike Corporate Center
997 Lenox Drive, Building 3
Lawrenceville, NJ 08648-2311
(609) 896-3600
Attorneys for Defendant Wal-Mart Stores East, L.P.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVANS T. MONTLOUIS,<br><br>               Plaintiff,<br><br>vs.<br><br>WAL-MART,<br><br>               Defendant. | Civil Action<br><br>**NOTICE OF REMOVAL**<br><br>**(Document Electronically Filed)** |

TO: THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Defendant Wal-Mart Stores East, L.P., improperly pled as "Wal-Mart" (hereinafter "Defendant" or "Wal-Mart"), by and through its attorneys, Fox Rothschild LLP, respectfully says:

1. Plaintiff Evans T. Montlouis commenced the above-captioned action on or about May 8, 2013, by filing a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Essex County, entitled *Evans T. Montlouis v. Wal-Mart*, Docket No. L-3640-13. Said action is now pending in that Court.

2. Such Complaint and Jury Demand was sent by U.S. mail to Wal-Mart's store located in Piscataway, New Jersey on or about May 14, 2013.

3. A copy of each of the foregoing papers, which constitute all of the processes and pleadings to date, is annexed hereto as "Exhibit A."

4. The above-captioned action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, in that:

    (a) Wal-Mart is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of Arkansas.

    (b) According to the Complaint, Plaintiff is and was a resident of the State of New Jersey.

    (c) The above-captioned action is a civil action in which the amount in controversy, on information and belief, exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. Therefore, this Court has diversity jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, which may properly be removed to the Court pursuant to 28 U.S.C. § 1441.

5. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

6. Upon the filing of this Notice of Removal, Defendant shall give written notice thereof to Plaintiff, *pro se,* and Defendant shall file copies of said Notice and Notice of Filing of Removal with the Court Clerk, Superior Court of New Jersey, Law Division, Essex County.

7. By filing this notice, Wal-Mart does not waive any defenses which may be available to it, specifically including, but not limited to, improper service and the absence of venue in this Court or in the Court from which this action has been removed.

8. There are no other defendants in this case, thus, no further consent for removal is needed.

WHEREFORE, Defendant Wal-Mart Stores East, L.P. removes the above-captioned action now pending against it in the Superior Court of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

FOX ROTHSCHILD LLP

By: /s/ Michael S. Hanan
    Michael S. Hanan
    FOX ROTHSCHILD LLP
    Attorneys for Defendant
    Wal-Mart Stores East, L.P.
    997 Lenox Drive, Building 3
    Lawrenceville, NJ 08648-2311
    (609) 896-3600

Dated: May 20, 2013

## CERTIFICATE OF SERVICE
### (Via Fed Ex)

I hereby certify that on this date I caused a true copy of the foregoing Notice of Removal to be served on Plaintiff, via prepaid overnight express delivery (Fed Ex), to:

> Evans T. Montlouis, *pro se plaintiff*
> 52 Olympic Terrace
> Irvington, NJ 07111

I hereby further certify that on this date I caused the Notice of Filing of Removal together with a copy of the Notice of Removal to be delivered for filing via prepaid overnight express delivery (Fed Ex), to:

> Superior Court of New Jersey, Law Division
> Essex County Clerk's Office, Civil Division
> 470 Dr. Martin L. King Jr. Blvd.
> Newark, NJ 07102

Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of May, 2013.

> /s/ Michael S. Hanan
> Michael S. Hanan

# Exhibit A

SUPERIOR COURT OF NJ
CIVIL DIVISION

2013 MAY -8 P 12: 18

Name: Evans T. montlouis
Address: 52 Olympic Terrace
Irvington N.J. 07111
Telephone Number: 973-342-6107

Plaintiff: Evans Montlouis

v.

Defendant(s): Walmart

Superior Court of New Jersey
Law Division _____ County
Docket No _____
(to be filled in by the court)

CIVIL ACTION
Complaint

Plaintiff, Evans T. montlouis (your name), residing at 52 Olympic Terrace (your address), City of Irvington (your city or town), County of Essex (your county).

State Of New Jersey, complaining of defendant, states as follows:

1. On may 8, 2013, Walmart (name of person being sued), Defendant

(Summarize what happened that resulted in your claim against the defendant. Use additional pages if necessary.)

On 4/24/2013 clocked out for the day I washed my vehicle in which I always had permission from a manager (Adisheni) on 4/26/2013 I was pulled into the office by management notifying me that I was terminated for action done on 4/24/2013 stating me it was a safety hazard that I was never inform of, In which the manager who gave me permission had also did same. However this inform is not in our training book.

The defendant in this action resides at ___1303 Centenial Avenue___
                                        (defendant's address)

In the County of ___Middlesex___, State Of New Jersey.
                 (name of county where defendant lives)

2. Plaintiff is entitled to relief from defendant under the above facts.

3. The harm that occurred as a result of defendant's acts include:

(list each item of damage and injury),

1. ___As a result of this Situation I cannot pay my rent, my Car Insurance, my Credit Card Bills, my Student Loans (Financial Hard Ship)___

2. ___

3. ___

Wherefore, plaintiff requests judgment against defendant for damages, together with attorney's fees, if applicable, costs of suit, and any other relief as the court may deem proper.

Dated: ___5-8-2013___    Signature: _____

## CERTIFICATION OF NO OTHER ACTIONS

I certify that the dispute about which I am suing is not the subject of any other action pending in any other court or a pending arbitration proceeding to the best of my knowledge and belief. Also, to the best of my knowledge and belief no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this complaint, I know of no other parties that should be made

a part of this lawsuit. In addition, I recognize my continuing obligation to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: 5/8/13                        Signature: _____

OPTIONAL: If you would like to have a judge decide your case, do not include the following paragraph in your complaint. If you would prefer to have a jury to decide your case, please sign your name after the following paragraph.

## JURY DEMAND

The plaintiff demands trial by a jury on all of the triable issues of this complaint, pursuant to New Jersey Court *Rules* 1:8-2(b) and 4:35-1(a).

Dated: _____              Signature: _____

Appendix XII-B1

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| [seal] | Use for initial Law Division Civil Part pleadings (not motions) under *Rule* 4:5-1. Pleading will be rejected for filing, under *Rule* 1:5-6(c), if information above the black bar is not completed or attorney's signature is not affixed | PAYMENT TYPE: CK CG CA<br>CHECK NO:<br>2013 MAY -8 P 12:18<br>OVERPAYMENT:<br>BATCH NUMBER: |

1. ATTORNEY / PRO SE NAME: Evans T. montlouis
2. TELEPHONE NUMBER: 973-342-6107
3. COUNTY OF VENUE: Essex
4. FIRM NAME (if applicable):
5. DOCKET NUMBER (when available):
6. OFFICE ADDRESS: 52 Olympic Terrace, Irvington N.J. 07111
7. DOCUMENT TYPE: Complaint
8. JURY DEMAND: ☐ YES ☐ NO
9. NAME OF PARTY (e.g., John Doe, Plaintiff): Evans T. montlouis (plaintiff)
10. CAPTION: Evans T. montlouis V. Walmart
11. CASE TYPE NUMBER (See reverse side for listing): 005 Track 3
12. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO
    IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.
13. RELATED CASES PENDING? ☐ YES ☒ NO
14. IF YES, LIST DOCKET NUMBERS:
15. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO
16. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known): ☒ NONE ☐ UNKNOWN

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

17. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☒ YES ☐ NO
    IF YES, IS THAT RELATIONSHIP: ☒ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS
18. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ☐ NO
19. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION: NA

Signature: Evans M[signature]